<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL X</td></tr>
</table>

| JUAN C. DELGADO MERCED<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202500210 | *Revisión de Decisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>GMA1000-07-25<br><br>Sobre:<br>Revisión Judicial |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 14 de mayo de 2025.

El 1 de abril de 2025, recibido por la Secretaría de este foro revisor el 8 de abril de 2025, compareció ante este Tribunal de Apelaciones, el señor Juan C. Delgado Merced (en adelante, señor Delgado Merced), por derecho propio y en forma *pauperis*, por medio de recurso de revisión judicial. A través de este, nos solicita que revoquemos la *Respuesta del Área Concernida/Superintendente* (Respuesta), emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, DCR o parte recurrida), el 21 de enero de 2025.[1] El 7 de marzo de 2025, el señor Delgado Merced presentó una *Solicitud de Reconsideración*. Posteriormente, el 19 de marzo de 2025, notificada el 25 de marzo de 2025, el DCR emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional* (en adelante, Respuesta de Reconsideración), denegando la solicitud.

---

[1] Del expediente ante nuestra consideración no surge la fecha en que el dictamen fue notificado.

Número Identificador

SEN2025 _____

Por los fundamentos que expondremos a continuación, confirmamos la determinación recurrida.

**I**

Conforme surge del expediente ante nos, el 11 de diciembre de 2024, el señor Delgado Merced presentó una *Solicitud de Remedio Administrativo* (GMA1000-07-25), ante la parte recurrida.[2] Por medio de esta, el recurrente solicitó "que arreglen la confección del café."[3] Detalló que, el café que estaba recibiendo era "agua y sin azúcar", por lo que no podía consumirlo.[4] El 21 de enero de 2025, la señora Noelia Laracuente Rivera, Supervisora de Servicios de Alimentación, remitió la Respuesta dirigida a la Evaluadora de la División de Remedios Administrativos.[5] En virtud de esta, indicó que, el café se confeccionaba según las especificaciones impartidas por la nutricionista. Añadió que, con la porción de azúcar ofrecida se evitaban complicaciones de salud.

Inconforme, el 7 de marzo de 2025, el señor Delgado Merced presentó una *Solicitud de Reconsideración*.[6] Mediante esta, adujo que, la Respuesta recibida no resolvía su reclamo. Precisó que, el problema radicaba en la manera en la que se confeccionaba el café, lo que nada tenía que ver con la nutricionista.

El 19 de marzo de 2025, notificada el 25 de marzo de 2025, la División de Remedios Administrativos del DCR emitió su Respuesta de Reconsideración, denegando la petición de reconsideración.[7] En detalle, la parte recurrida concluyó lo siguiente:

> Sr. León Hernández, en su Solicitud de Remedio usted expresó su preocupación por la confección del café. El caso se discutió en el área de cocina. Nos informaron que el café se prepara de acuerdo a los estándares de la nutricionista. El mismo es servido a los miembros de la población correccional del Complejo que consumen el

---

[2] Anejo 1 del escrito del recurrente. Señalamos que, la solicitud fue recibida por el DCR el 8 de enero de 2025.
[3] *Íd.*
[4] *Íd.*
[5] Anejo 2 del escrito del recurrente.
[6] Anejo 3 del escrito del recurrente.
[7] Anejo 4 del escrito del recurrente.

producto. Al presente solo se han recibido dos quejas, la de usted y de otro miembro de la población correccional, que comparten área de vivienda.

Insatisfecho aún, el 1 de abril de 2025, recibido por la Secretaría de esta Curia el 8 de abril de 2025, el señor Delgado Merced presentó el recurso de revisión judicial que nos ocupa. En su recurso, el recurrente no hace señalamiento de error. No obstante, apunta que, las respuestas recibidas resultan arbitrarias y caprichosas. Esgrime que, estas menosprecian la gestión de la población correccional. Por otro lado, llama la atención que, la Respuesta de Reconsideración emitida por el DCR fue dirigida al "Sr. De León Hernández", y no a su persona. Con todo, nos solicita que, ordenemos "a que se cumpla con una buena confección de los alimentos", incluyendo el café en el desayuno.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta.[8]

## II

### A. *Revisión de Determinaciones Administrativas*

Según es sabido, los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que, estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Katiria´s Café, Inc. v. Municipio Autónomo de San Juan*, 2025 TSPR 33, 215 DPR ___ (2025); *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 114 (2023); *OEG v. Martínez Giraud*, 210 DPR 79, 87-89 (2022); *Pérez López v. Depto. Corrección*, 208 DPR 656, 672 (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*,

---

[8] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016); *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012); *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección, que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Íd.* No obstante, tal norma no es absoluta, es por lo que, nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho.

En *Torres Rivera v. Policía de Puerto Rico*, 196 DPR 606, 628 (2016), nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la forma siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero tal deferencia cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que **si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida**. (Énfasis nuestro).[9]

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *Hernández Feliciano v. Mun. Quebradillas*, supra, pág. 115; *OEG v. Martínez Giraud*, supra, pág. 90; *Super Asphalt v. AFI y otro*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Torres Rivera v. Policía de PR*, supra, pág. 626. Bajo este criterio, se

---

[9] Véase también, *Hernández Feliciano v. Mun. Quebradillas*, supra; *Super Asphalt v. AFI y otros*, supra, págs. 819-820.

limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción. *Íd.*; *Pérez López v. Depto. Corrección*, supra, pág. 673; *Super Asphalt v. AFI y otro*, supra, pág. 819-820; *Rolón Martínez v. Supte. Policía*, supra, pág. 36; *Batista, Nobbe v. Jta. Directores*, supra, pág. 216.

Bajo este supuesto, la Sección 4.5 de la Ley Núm. 38 del 30 de junio de 2017, 3 LPRA 9675, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), "estableció el marco de revisión judicial de las agencias administrativas". *Rolón Martínez v. Supte. Policía*, supra, pág. 35. La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. *Íd.* págs. 35-36; *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud*, supra*;* pág. 89; *Torres Rivera v. Policía de PR*, supra, págs. 626-627; *Batista, Nobbe v. Jta. Directores*, supra, pág. 217; Sec. 4.5 de la LPAU, 3 LPRA § 9675. Nuestro Máximo Foro, ha expresado que, esta intervención "debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley". *Rolón Martínez v. Supte. Policía*, supra, pág. 36. Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Íd.*; *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud,* supra, pág. 90; *Super Asphalt v. AFI y otro,* supra.

Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. *Rolón Martínez v. Supte. Policía*, supra; *Torres Rivera v. Policía de PR*, supra, pág. 627; Sec. 4.5 LPAU, 3 LPRA § 9675. No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Rolón Martínez v. Supte. Policía*, supra, págs. 36-37; *Torres Rivera v. Policía de PR*, supra. El Tribunal Supremo ha dispuesto que, la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: "(1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales. *Íd.* págs. 627-628; *OEG v. Martínez Giraud*, supra.

Finalmente, nuestra más Alta Curia ha expresado que, conforme lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia". *Íd.* págs. 90-91.

**III**

En esencia, en el presente caso, el señor Delgado Merced solicita que ordenemos al DCR a realizar una buena confección de los alimentos preparados, incluyendo el café que se ofrece en el desayuno. Sostiene que, las respuestas ofrecidas por la parte recurrida resultan arbitrarias y caprichosas. No le asiste la razón.

Como tribunal revisor, estamos llamados a dar amplia deferencia a las decisiones emitidas por las agencias administrativas, en tanto estas cuentas con vasta experiencia y

pericia para atender aquellos asuntos que le fueron delegados por la Asamblea Legislativa.[10] Es por ello que, tales determinaciones suponen una presunción de legalidad y corrección, que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas.[11]

En el presente caso, el señor Delgado Merced no aportó evidencia suficiente para derrotar la presunción de corrección que caracteriza la determinación del DCR. Tanto en la Respuesta suscrita por la señora Noelia Laracuente Rivera, como en la Respuesta de Reconsideración, la parte recurrida explicó de manera puntual que el café se confecciona de conformidad a las recomendaciones de la nutricionista. A juicio de este foro, y de conformidad al ordenamiento jurídico, la Respuesta de la agencia resulta adecuada. La inconformidad del señor Delgado Merced con la manera en la que se confecciona el café no constituye una controversia justiciable. De modo que, este foro apelativo no se encuentra en posición de emitir remedio alguno para que el café ofrecido por el DCR sea de su agrado.

Por otro lado, en cuanto al argumento de que la Respuesta de Reconsideración fue dirigida a otra persona, razonamos que se trata de un mero error de forma que no incide en la médula del asunto. Al evaluar el referido documento, apreciamos el nombre completo del recurrente en la parte superior de este, así como el número asignado a su *Solicitud de Remedio Administrativo*. Además, la razón de la denegatoria ofrecida por el DCR hace referencia directa al reclamo presentado por el señor Delgado Merced.

---

[10] *Katiria´s Café, Inc. v. Municipio Autónomo de San Juan*, supra; *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud,* supra, pág. 90; *Pérez López v. Depto. Corrección*, supra, pág. 672; *Super Asphalt v. AFI y otros*, supra, pág. 819; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 126; *Rolón Martínez v. Supte. Policía*, supra, pág. 35; *Torres Rivera v. Policía de PR*, supra, pág. 626; *Batista, Nobbe v. Jta. Directores*, supra, pág. 216; *Asoc. Fcias. v. Caribe Specialty et al. II,* supra, pág. 940.
[11] *Íd.*

En virtud de todo lo anterior, concluimos que no se justifica nuestra intervención en la determinación recurrida. El DCR no actuó de manera arbitraria, ilegal, irrazonable o fuera de los poderes que le fueron delegados.[12] Adicionalmente, el señor Delgado Merced no logró rebatir la presunción de corrección que cobija la determinación recurrida. De modo que, la Respuesta ofrecida por la agencia administrativa merece la mayor deferencia de este Honorable Tribunal.

## IV

Por los fundamentos antes esbozados, confirmamos la determinación recurrida.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta *Sentencia* al confinado, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[12] Véase *Katiria´s Café, Inc. v. Municipio Autónomo de San Juan*, supra, *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud*, supra, pág. 90; *Super Asphalt v. AFI y otros*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Torres Rivera v. Policía de PR*, supra, pág. 626; *Pérez López v. Depto. Corrección*, supra, pág. 673; *Super Asphalt v. AFI y otros,* supra, pág. 819-820; *Rolón Martínez v. Supte. Policía*, supra, pág. 36; *Batista, Nobbe v. Jta. Directores*, pág. 216.